# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 15-2467-STA-dkv |
| MARY McGHEE, JAYSON JONES, and JENNIFER JONES, | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING THE JONES DEFENDANTS SUMMARY JUDGMENT

Before the Court is Defendant Mary McGhee's response to the Court's notice of the fact that it was considering granting summary judgment *sua sponte* in favor of Jayson and Jennifer Jones ("the Jones Defendants"). Defendant Mary McGhee filed her response (ECF No. 54) on June 7, 2016. For the reasons set forth below, the Court grants judgment as a matter of law to the Jones Defendants.

## BACKGROUND

On July 14, 2015, Plaintiff Metropolitan Life Insurance Company ("MetLife") filed a Complaint in Interpleader (ECF No. 1). According to the Complaint, MetLife is the claim fiduciary for the AT&T Group Life Insurance Program ("the plan") and has responsibility for the administration of claims in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Compl. ¶¶ 7, 8.) Bernadine J. McGhee, deceased, was an employee of AT&T and a participant in the plan. (*Id.* ¶ 7.) At the time of her death, Ms.

McGhee was enrolled under the plan for basic life insurance in the amount of $14,500.00, a benefit that became payable upon her death on November 29, 2014. (*Id.* ¶¶ 13, 14.)

ERISA, 29 U.S.C. § 1002(8), defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." (*Id.* ¶ 9.) The plan grants a participant the right to name his or her beneficiary and change the beneficiary at any time. (*Id.* ¶ 10.) According to MetLife's Complaint, the most recent beneficiary designation form on file for the deceased was dated January 20, 2013, and nominated Mary McGhee as the sole primary beneficiary of the life insurances proceeds at issue. (*Id.* ¶ 11.) The beneficiary designation form in effect prior to that date was dated December 27, 2006, and named the Jones Defendants as the co-primary beneficiaries in equal shares. (*Id.* ¶ 12.)

On December 3, 2014, MetLife received a letter from Jennifer Jones in which she claimed that Mary McGhee was suspected of committing fraud and identity theft against the decedent. (*Id.* ¶ 15.) Jones included with her letter to MetLife a copy of a police report from the Collierville Police Department. (*Id.*) On December 24, 2014, McGhee completed a life insurance claim for the benefits. (*Id.* ¶ 16.) On January 21, 2015, MetLife wrote to McGhee and the Jones Defendants and explained that their adverse claims to the benefits raised questions of fact and law that MetLife could not resolve without exposing the plan to risk of double liability. (*Id.* ¶ 17.) MetLife subsequently received two letters from Jennifer Jones, reporting that the claimants to the benefits could not reach an agreement. (*Id.* ¶¶ 18, 19.) MetLife's Complaint alleged that it could not determine whether a court would find that the 2013 beneficiary designation was valid or who the proper beneficiary of the benefits was without the risk of legal exposure. (*Id.* ¶¶ 20, 23.) MetLife sought leave to interplead the funds with the Court, pending a

determination of the rightful beneficiary. (*Id.* ¶ 24.) The Court granted MetLife's motion to deposit the funds and for dismissal on March 18, 2016, and MetLife filed notice of its deposit with the Clerk of Court (ECF No. 39) on March 30, 2016.

Defendant Mary McGhee filed an Answer (ECF No. 12) to the Complaint on August 4, 2015, and a motion for summary judgment on December 16, 2015. McGhee sought judgment as a matter of law on her claim to $14,500 in basic life insurance proceeds insuring Bernadine McGhee. For support McGhee relied on the designation of beneficiary form showing her listed as the decedent's beneficiary on the policy. When the Jones Defendants did not respond within the time allowed under the Local Rules of Court, the Court entered an order on February 2, 2016, directing the Jones Defendants to respond to McGhee's Rule 56 Motion. The Court cautioned the Jones Defendants that failure to respond would result in the Court deciding Defendant Mary McGhee's Motion for Summary Judgment, as amended, without Defendants being heard on the Motion. Jennifer Jones filed a response in opposition (ECF No. 33) to McGhee's Motion for Summary Judgment on February 16, 2016, and Jayson Jones filed a separate response (ECF No. 34) the following day.

In opposition to McGhee's claim, the Jones Defendants questioned the validity of the beneficiary designation form showing McGhee as the deceased's beneficiary. The Jones Defendants argued that their kinship to the deceased is closer than McGhee's. The Jones Defendants further argued that their grandmother made a complaint to the police that McGhee had cashed a check in the amount of $2,600.00 on the deceased's account without her consent or permission. Both Jones Defendants stated that they only discovered Mary McGhee was the designated beneficiary after their grandmother's death. The Jones Defendants requested then that the Court deny McGhee's Motion for Summary Judgment.

The Court held a hearing on McGhee's motion for summary judgment on April 22, 2016. Present at the motion hearing were Mary McGhee, represented by counsel, and Jennifer Jones and Jayson Jones, both acting *pro se*. At the hearing, Jennifer Jones addressed the Court on behalf of herself and her brother. Jones first described the police report showing a criminal complaint by her grandmother against McGhee for identity theft and fraud. Jones also claimed that she had power of attorney over her grandmother's affairs at the time of her grandmother's death. Jones adduced a document purporting to show that her grandmother revoked any prior power of attorney granted to McGhee and granted Jones power of attorney. The document bore a date of August 28, 2014, and was made exhibit 1 to the hearing for identification purposes only. Jones asserted that she submitted a copy of the document to MetLife.

At this point in the hearing, the Court directed that Jones be placed under oath to testify as to the preparation of the document. Jones was sworn in and stated that her grandmother was a resident in a nursing home at the time she executed the document. Jones prepared the document using a form for the revocation of power of attorney and obtained assistance with document from an employee of the nursing home. The document purports to be notarized and witnessed. Jones explained that the document was prepared and executed to protect her grandmother's bank account from Mary McGhee. At that time, Bernadine McGhee had entered into the nursing home for rehabilitation following a hospitalization in June 2014. Jones testified that her grandmother had resided with her prior to the hospitalization in 2014 and for much of 2013. Before living with Jones, Bernadine McGhee had lived with her nephew and Mary McGhee for approximately one and a half years. When asked on cross-examination what she believed the revocation of power of attorney established, Jones testified that the document showed that she was her grandmother's closest family and caretaker. Jones went on to testify that she had no

personal knowledge about the disposition of the criminal charges against Mary McGhee contained in the Collierville Police Department report.

Counsel for McGhee argued that the Court should give effect to the beneficiary designation form in place at the time of Bernadine McGhee's death and find that Mary McGhee is the rightful beneficiary of the proceeds. There is no evidence that the beneficiary designation was the product of anything other than Bernadine McGhee's free and voluntary choice. The deceased could have altered the designation at any time prior to her death but elected not to do so. Under the circumstances, McGhee believes that she was entitled to judgment as a matter of law and an award of the full proceeds of the life insurance policy.

On May 5, 2016, the Court denied McGhee's motion for summary judgment (ECF No. 54) and put Ms. McGhee on notice that the Court was considering granting summary judgment *sua sponte* in favor of the Jones Defendants (ECF No. 52). The Court held that genuine issues of material fact precluded summary judgment in favor of McGhee. Viewing the proof in a light most favorable to the Jones Defendants, a reasonable juror could find the beneficiary designation form naming Mary McGhee was the product of undue influence.[1] The testimony of Jennifer Jones showed that prior to her grandmother's death, the decedent had revoked the power of attorney she had previously granted to Mary McGhee. By operation of Tennessee law, the power of attorney granted to Mary McGhee created a confidential relationship between Bernadine McGhee and Mary McGhee. The Court reasoned that a reasonable juror could find

---

[1] *See* Jennifer Jones' Resp. 1 (ECF No. 33) ("Moreover, in the same year of 2013 charges were filed against Mary McGhee, my grandmother's policy was also changed to designate her as the single beneficiary. I can only imagine what other important documents that were changed or manipulation [sic] during 2013."); Jayson Jones' Resp. 1 (ECF No. 34) ("My grandmother, Bernadine J. McGhee would have not knowingly changed her beneficiaries to her nephew's wife . . . [i]f anything Mary McGhee tried to pursue undue influence over our grandmother.").

that Bernadine McGhee's execution of a change of beneficiary naming Mary McGhee as the beneficiary of her insurance policy in January 2013, presumably at the time when Mary McGhee had power of attorney, conferred a personal benefit on Mary McGhee and thereby created a rebuttable presumption of undue influence. As a result, the Court found that questions of material fact remained about the 2013 designation of beneficiary form, naming Mary McGhee as the primary beneficiary. Therefore, the Court denied McGhee's motion for summary judgment.

What is more, the Court put McGhee on notice that the Court was considering granting summary judgment *sua sponte* in favor of the Jones Defendants. The Jones Defendants had introduced proof tending to show that the 2013 designation of beneficiary form was executed at a time when Mary McGhee had power of attorney over Bernadine McGhee's affairs, thereby creating a presumption of undue influence. For her part, McGhee had not come forward with any proof, much less clear and convincing proof, to rebut the presumption of undue influence. In fact, McGhee had not presented any evidence other than a copy of the 2013 designation of beneficiary form naming her as the beneficiary of Bernadine McGhee's life insurance policy. McGhee relied exclusively on the January 2013 designation of beneficiary form to support her request for judgment as a matter of law.

In addition to the proof of McGhee's possible undue influence over Bernadine McGhee in the execution of the beneficiary designation in January 2013, the Court also found that serious questions remain about the allegations of the Complaint in Interpleader and the criminal charges against Mary McGhee. Jennifer Jones testified at the motion hearing about criminal charges her grandmother filed against Mary McGhee in 2013. The Complaint in Interpleader alleges that Jones addressed a letter to MetLife on December 3, 2014, and attached a copy of a police report, showing that "Ms. [Mary] McGhee was suspected of having committed fraud and identity theft"

6

against Bernadine McGhee. MetLife made a copy of the report (ex. F, ECF No. 1-10) an exhibit to the Complaint in Interpleader. Jennifer Jones also produced a copy of the police report at the motion hearing. On its face, the police report purports to show that Bernadine McGhee filed a complaint on December 12, 2013, against Mary McGhee for cashing a check in the amount of $2,600.00 on her account without her consent. While McGhee objected at the motion hearing to the admissibility of the police report, her Answer to the Complaint in Interpleader admitted "the existence of the Collierville Police Department report."[2] At the summary judgment stage of the proceedings, McGhee had not explained the circumstances alleged in the report or addressed the disposition (if any) of the charges described in the report.

Based on the entire record of the proceedings, the Court put McGhee on notice that it was considering summary judgment in favor of the Jones Defendants on the grounds of (1) undue influence and (2) her otherwise improper procurement of Bernadine McGhee's signature on the beneficiary designation form. The Court gave McGhee thirty (30) days to submit evidence to the Court on these issues or any other grounds, which she believed would preclude judgment as a matter of law in favor of the Jones Defendants and to show why the Court should not rule the 2013 beneficiary designation form to be invalid and enforce the December 27, 2006 beneficiary designation form naming the Jones Defendants as the co-primary beneficiaries in equal shares.

McGhee has responded to the Court's notice of *sua sponte* summary judgment. The Court highlights that McGhee did not submit any evidence to contest the testimony offered by Jennifer Jones under oath at the April 2016 hearing. McGhee did make a number of legal arguments to show why the Court should not enter judgment as a matter of law in favor of the Jones Defendants. First, McGhee states that she has no evidence to overcome the presumption

---

[2] Answer ¶ 15.

of undue influence, for example, with proof of advice from an independent advisor or of an exchange of equivalent value. According to McGhee, the Supreme Court's decision in *Mackall v. Mackall*, 135 U.S. 167, 175 (1890) is factually similar to the case at bar and stands for the proposition that gifts to a caretaker made with sound mind and in gratitude for the care received cannot be the product of undue influence. McGhee also cites an unreported decision of the Tennessee Court of Appeals where the court remarked that "influence upon one with a sound mind is not prohibited." McGhee asserts then, without citation to any evidence, that "Bernadine McGhee likely changed the beneficiary designation for the policy in question to name Mary McGhee as sole beneficiary as a result of gratitude and appreciation for caretaking performed by Mary McGhee."[3] Therefore, McGhee argues that the Jones Defendants are not entitled to judgment as a matter of law.

McGhee next argues that the Court erred by considering facts not admitted into evidence. McGhee specifically asserts that the Court's summary judgment analysis was based improperly on a document purporting to be a revocation of power of attorney as well as the Collierville Police Department police report. McGhee points out that neither document was ever admitted into evidence. As such, the documents cannot support any legal conclusions that would entitle the Jones Defendants to judgment as a matter of law on their claim to the life insurance proceeds.[4] McGhee requests then that the Court allow the case to proceed.

---

[3] McGhee's Resp. to Summ. J. Sua Sponte 5 (ECF No. 54).

[4] McGhee's response contains a passing reference to the Court's ruling on McGhee's motion to strike. McGhee objects to the Court's decision to construe the Jones Defendants' *pro se* filings as their Answers to the complaint in interpleader. (*Id.*) McGhee argued in support of her motion to strike that the Jones Defendants had not filed an answer within the time allowed under the Federal Rules of Civil Procedure. The Court noted in its previous order that MetLife as the plaintiff in this interpleader action never sought entry of default against the Jones Defendants. McGhee now argues that the real controversy in this suit exists between McGhee and the Jones Defendants. MetLife's failure to seek entry of default should have no bearing on

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Further, Federal Rule of Civil Procedure 56(f) grants the Court the discretion to enter summary judgment on grounds not raised by a party but only after giving the party notice and a reasonable opportunity to respond.[6] The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide."[7] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party[8] and the judge "may not make credibility determinations or weigh the evidence."[9] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[10] It is not sufficient "simply [to]

---

the question of whether the Jones Defendants have timely filed a pleading to assert a claim in this suit.

McGhee's comment is largely an argument for reconsideration of the Court's decision to deny McGhee's motion to strike. McGhee has not shown why reconsideration is appropriate or how her point addresses the evidentiary issues presented at summary judgment.

[5] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[6] Fed. R. Civ. P. 56(f)(1) & (2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[10] *Celotex*, 477 U.S. at 324.

show that there is some metaphysical doubt as to the material facts."[11]  These facts must be more than a mere scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[12]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[13]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[14]  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[15]

## ANALYSIS

The issue presented is whether Defendant Mary McGhee has presented evidence sufficient to create a genuine dispute of material fact about whether Bernadine McGhee's designation of beneficiary form naming Mary McGhee as her beneficiary in 2013 was the product of undue influence.  In her response to the Court's order and notice of summary judgment *sua sponte*, Ms. McGhee raises two arguments: (1) that the Court incorrectly presumed the existence of undue influence, and (2) that the Court considered facts that were not admitted into evidence.  (ECF No. 54).  Neither argument is persuasive.

---

[11] *Matsushita*, 475 U.S. at 586.

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[13] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[14] *Anderson*, 477 U.S. at 251–52.

[15] *Celotex*, 477 U.S. at 332.

Concerning the presumption of undue influence, Ms. McGhee concedes that she has no proof to overcome a presumption of undue influence based on her power of attorney over Bernadine McGhee's affairs. McGhee cites the United States Supreme Court's decision in *Mackall v. Mackall*, a case where the Supreme Court remarked that a decedent's decision to grant a benefit to a caretaker is "not only not strange, but most natural and reasonable."[16] McGhee quotes the following from *Mackall*:

> Influence gained by kindness and affection will not be regarded as "undue," if no imposition or fraud be practiced, even though it induce the testator to make unequal and unjust disposition of his property in favor of those who have contributed to his comfort and ministered to his wants, if such disposition is voluntarily made.[17]

McGhee argues that like the decedent in *Mackall*, Bernadine McGhee changed her beneficiary designation for the policy in question to name Mary McGhee as sole beneficiary as a result of her gratitude and appreciation for the caretaking provided by Mary McGhee.

While the Court finds *Mackall* is illustrative, *Mackall* simply does not control the issue presented. The parties' claim to the disputed life insurance funds presents a question of federal common law under ERISA and, in the absence of federal common law, state law.[18] As it explained in its order denying McGhee's motion for summary judgment, in cases involving claims of undue influence, the Sixth Circuit Court looks to state law. *Mackall* involved the law

---

[16] *Mackall v. Mackall*, 135 U.S. 167, 171 (1890).

[17] *Mackall*, 135 U.S. at 172 (quoting *In re Gleespin's Will*, 26 N.J. Eq. 523).

[18] *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000) ("[B]ecause there is no established federal common law in this circuit dealing with forgery and undue influence in the designation of beneficiaries, we look to state-law principles for guidance."); *see also United Food and Commercial Workers Union-Employer Pension Fund v. Rubber Assocs., Inc.*, 812 F.3d 521, 527 (6th Cir. 2016) (recognizing *Tinsley* and its holding that federal common law governs claims of undue influence in ERISA beneficiary designations); *B & B Mech. Servs.*, 813 F.3d at 608 (same); *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 511 (6th Cir. 2014) (same).

11

of the District of Columbia and its principles of undue influence.[19]  McGhee cites no cases, and the Court is aware of none, where a court has relied on *Mackall* to answer a question of federal common law under ERISA.  Therefore, the Court concludes that *Mackall* does not control or otherwise show why the Court should not apply Tennessee law on undue influence.

As for McGhee's fact claim that Bernadine McGhee perhaps changed the beneficiary designation to show gratitude and appreciation for Mary McGhee's caretaking, the claim may be true as a factual matter.  However, it remains only a conclusory assertion in Ms. McGhee's response brief and lacks any evidentiary support.  The Court must stress here that McGhee has adduced no evidence at all in response to the Court's previous order.  Federal Rule of Civil Procedure 56 provides that,

> A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[20]

Rather than coming forth with evidence rebutting the presumption of undue influence, for example, by showing that she did not have power of attorney, McGhee has offered only legal arguments and unsupported statements of fact.  McGhee has cited no answers to interrogatories or responses to requests for admissions,[21] even though she propounded interrogatories and

---

[19] *Mackall*, 135 U.S. at 168–69.

[20] Fed. R. Civ. P. 56(c).

[21] Fed. R. Civ. P. 56(c); *see also* Fed. R. Civ. P. 33 (requiring the person making answers to interrogatories to answer each one separately and fully in writing, under oath.); Fed. R. Civ. P. 36(b) (providing that the effect of an admission is that the matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

requests for admissions on the Jones Defendants in April 2016.[22] McGhee has not filed an affidavit of her own to respond to Jones's sworn testimony or requested the opportunity to conduct additional discovery.[23] In short, Ms. McGhee has failed to bring forth any evidence whatsoever to rebut the proof from the Jones Defendants about the power of attorney or the confidential relationship between Bernadine McGhee and Mary McGhee.

McGhee's other argument in response to the Court's *sua sponte* consideration of summary judgment concerns the Court's treatment of the evidence. McGhee argues that the Court improperly considered documents that were not admitted into evidence, specifically the purported Revocation of Power of Attorney dated August 28, 2014, and the contents of the Collierville Police Department police report. McGhee's contention about the documents is true as far as it goes; it would be improper for the Court to consider facts not admitted into evidence. It is likewise true that the Court did not enter into evidence the alleged revocation document or the police report. But the Court's analysis of the issues was not based in any way on these two documents.

The Court's denial of McGhee's motion for summary judgment was based only on the testimony of Jennifer Jones herself. The Court's order is replete with references to Jones's sworn testimony at the April 2016 hearing.[24] Jones testified under oath about Mary McGhee's

---

[22] ECF No. 45–49. McGhee has also not shown that the Jones Defendants failed to respond to her discovery requests and has not filed a motion to compel responses.

[23] *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

[24] Order Denying McGhee's Mot. for Summ. J. May 10, 2016 (ECF No. 52) ("Jennifer Jones testified at the hearing . . ."); ("Viewing Jones' oral testimony about the document in the light most favorable to the Jones Defendants . . ."); ("Accepting Jones' version of events as true . .

power of attorney over her grandmother's affairs and her grandmother's intent to revoke the power of attorney shortly before her death in 2014. The Court held that Jones' testimony could permit a reasonable juror to find from the existence of the power of attorney that Bernadine McGhee and Mary McGhee were in a confidential relationship at the time Bernadine McGhee made Mary McGhee the beneficiary of her life insurance policy. Under Tennessee law, a confidential relationship gives rise to a rebuttable presumption of undue influence where the party in a position of power receives a benefit from the other party.[25] The Court's order gave McGhee the opportunity to respond to the testimony of Jennifer Jones with other proof to show that a genuine dispute existed about the material facts. The Court's holding therefore is not based in any way on documents that were not admitted into evidence.

Having concluded that McGhee has offered no proof to dispute the testimony of Jennifer Jones or rebut the presumption of undue influence based on the existence of a confidential relationship between Mary McGhee and Bernadine McGhee, the Court finds that no genuine dispute of fact remains for trial. The Court holds that the 2013 change of beneficiary form nominating Mary McGhee as the beneficiary of Bernadine McGhee's life insurance was the

---

."); ("In addition to Jones' testimony about her grandmother's revocation of the power of attorney granted to Mary McGhee, Jones also offered testimony about criminal charges her grandmother filed against Mary McGhee in 2013.").

[25] ECF No. 52. *See also Childress v. Currie*, 74 S.W.3d 324, 328 (Tenn. 2002) (citing *Mitchell v. Smith*, 779 S.W.2d 384, 389 (Tenn. Ct. App. 1989) ("A confidential relationship is any relationship which gives one person dominion and control over another."); *In re Estate of Price* 273 S.W.3d 113, 125 (Tenn. Ct. App. 2008) (quoting *Brown v. Weik*, 725 S.W.2d 938, 945 (Tenn. Ct. App. 1983) (Undue influence applies where a confidential relationship puts one party, such as a grantee, [] in a position to exercise undue influence over the mind and the will of another, such as a grantor.); *Childress*, 74 S.W.3d at 328 (citing *Brown*, 725 S.W.2d at 945 ("[W]here there is a confidential relationship between parties, followed by a transaction wherein the dominant party receives a benefit from the other party, a presumption of undue influence arises that may only be rebutted by clear and convincing evidence of the fairness of the transaction.")).

product of undue influence.  As such, the plan document is null and without effect.  Consistent with the December 27, 2006, beneficiary designation form naming the Jones Defendants as the co-primary beneficiaries in equal shares, the Court awards the Jones Defendants the life insurance proceeds.

## **CONCLUSION**

Because Mary McGhee has failed to come forth with any evidence to rebut the testimony of Jennifer Jones, the Court holds that the Jones Defendants are the rightful beneficiaries of the life insurance policy covering the deceased.  Therefore, summary judgment is **GRANTED** in favor of the Jones Defendants.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 26, 2016.